1

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| United States of America, ) | |
| 9                                           ) | CR 05-01794-TUC-RCC (JCG) |
| Plaintiff,              ) | |
| 10                                          ) | **REPORT &** |
| vs.                                          ) | **RECOMMENDATION** |
| 11                                          ) | |
| Richard Peter Adams,               ) | |
| 12                                          ) | |
| Defendant.               ) | |
| 13  _____ ) | |

14         Pending before the Court is Defendant's Motion to Reveal Confidential Informant

15   filed on March 16, 2007.  (Doc. No. 84.) The United States filed a response on March 27,

16   2007 (Doc. No. 89) and the Defendant replied.  (Doc. No. 91.)

17         Also pending before the Court is Defendant's Motion to Sever Counts filed on March

18   21, 2007.  (Doc. No. 86.)  The United States filed a response to the motion on April 3, 2007.

19   (Doc. No. 92.)

20         This matter was set for hearing and was heard on April 6, 2007.  Defendant Adams,

21   who remains in custody at this time, waived his presence at the hearing. This matter was

22   submitted following oral argument at the conclusion of the hearing and taken under

23   advisement.

24         Having now considered the matter, the Magistrate Judge recommends that the District

25   Court, after its independent review, GRANT IN PART Defendant Adams' Motion to Reveal

26   Confidential Informant and DENY Defendant Adams' Motion to Sever Counts.

27

28

**FACTS**

In June, 2005, DEA agents reported in a de-briefing document that a confidential informant told them that Robert Piehl was manufacturing methamphetamine and storing marijuana at his home in Arivaca.  The informant also told agents that Piehl had so much marijuana at his house that he had to store additional quantities at a residence to the north of his property.

Defendant lives on a 7 acre parcel immediately north of Piehl's property.  On August 5, 2005, DEA agents searched a shed on Defendant's property after an obtaining a search warrant based, in part, on information provided by a different confidential informant.  Agents found 2100 kg of marijuana.  At that time Defendant told agents that the shed was not his.  When arrested by agents 3 weeks later he told them the marijuana was not his and probably belonged to Piehl.

**ANALYSIS**

**1.    Motion to Reveal Confidential Informant**

Defendant seeks admission of the confidential informant's statement that Piehl had so much marijuana at his house that he had to store additional quantities at a residence to the north of his property.  Defendant seeks to admit this statement either through the testimony of a DEA agent who has personal knowledge of the statement, or through order of the Court that the statement be read into the record.  In its response to Defendant's Motion, the government argued that the identity of the confidential informant was privileged and that the informant's statement was inadmissible hearsay.  At oral argument, however, the government stated that it would be willing to disclose the identity of the confidential informant, but that it objected to admission of the informant's statement on hearsay grounds.  The government also indicated that, even if it disclosed the identity of the informant, it would be extremely difficult for anyone to locate the informant to which the Defendant responded that, should the Court order disclosure of the informant's identity, he would request every DEA record pertaining to the informant in order to attempt to locate him (and likely knowing that the

1  government would object to producing such information, which it did). So, although

2  Defendant's Motion is Captioned as a Motion to Reveal Confidential Witness, and although

3  the parties briefed the issue as such, the issue presented to the Court by both parties is not

4  whether the informant's identity should be revealed, but whether the informant's statement

5  to DEA agents is inadmissible hearsay.[1]

6      Defendant contends that the informant's testimony is admissible under the rule

7  recognizing a residual exception to the hearsay rule: Rule 807, Fed. R. Evid.  Rule 807

8  provides:

9      A statement not specifically covered by Rule 803 or 804 but having
   equivalent circumstantial guarantees of trustworthiness, is not excluded by the
10     hearsay rule, if the court determines that (A) the statement is offered as
   evidence of a material fact; (B) the statement is more probative on the point for
11     which it is offered than any other evidence which the proponent can procure
   through reasonable efforts; and (C) the general purposes of these rules and the
12     interests of justice will best be served by admission of the statement into
   evidence. However, a statement may not be admitted under this exception
13     unless the proponent of it makes known to the adverse party sufficiently in
   advance of the trial or hearing to provide the adverse party with a fair
14     opportunity to prepare to meet it, the proponent's intention to offer the
   statement and the particulars of it, including the name and address of the
15     declarant.

16

17     In the present case, Defendant intends to argue in his defense that the marijuana

18  discovered in the shed belonged to his neighbor, Robert Piehl.  The shed, although on

19  Defendant's property, was accessible to Piehl, who passed right by it every time he drove to

20  or from his property.  Defendant contends that Piehl's access to this shed is corroborated by

21  the statements that the confidential informant made to agents.  According to Defendant, the

22  informant's statement is material to his defense because it would support his version of events

23

24     [1]If Defendant sought the informant's identity, the Court notes that no justification
   exists for applying the "informer's privilege" in this case.  The privilege does not apply where
25  the disclosure of the contents of a communication will not tend to reveal the identity of an
   informer.  *See Roviaro v. United States*, 353 U.S. 53, 60 (1957).  In addition, where the
26  disclosure of an informer's identity, or of the contents of his communication, is relevant and
   helpful to the defense of an accused, or is essential to a fair determination of a cause, the
27  privilege must give way.  *Id.* at 60-61.

28

1 and could be used to impeach Piehl if Piehl testified that the marijuana was not his.

2 Defendant argues that he cannot procure more probative evidence because he cannot

3 interview the confidential informant. Finally, Defendant argues that it serves the interests

4 of justice to admit the informant's statement if Piehl testifies, because of its impeachment

5 value and because of the government's obligation to provide Defendant with any exculpatory

6 evidence in its possession.

7   At oral argument, the government stated that it intends to call Piehl as a witness, and

8 that Piehl is expected to testify that he did store marijuana in Defendant's shed on occasion,

9 but that such storage occurred with Defendant's knowledge and assistance.[2] Therefore,

10 argues the government, the informant's testimony would not be helpful or relevant to

11 Defendant's defense: even if the marijuana belonged to Piehl, as Defendant claims, Piehl's

12 testimony will demonstrate that Defendant had constructive possession of the marijuana, and

13 the confidential informant's testimony will not exculpate Defendant.

14   This Court finds that the confidential informant's testimony does not have exculpatory

15 value if Piehl offers the anticipated testimony. If Piehl testifies that Defendant had

16 knowledge of and participated in the storage of marijuana on Defendant's property, evidence

17 that the marijuana belonged to Piehl does not exculpate Defendant. Similarly, if Piehl

18 testifies that he sometimes stored marijuana on Defendant's property with Defendant's

19 knowledge, but that the marijuana discovered by agents in August, 2005 did not belong to

20 him, the informant's testimony does not exculpate Defendant. The informant did not state

21 when Piehl stored marijuana on Defendant's property, and therefore his statement could not

22 be used to contradict Piehl's statement that he did not store marijuana on Defendant's

23 property in August, 2005.

24   Only if Piehl testifies that the marijuana discovered on Defendant's property in

25 August, 2005 was not his *and* that he never stored marijuana on Defendant's property would

26

27

28   [2] It was not clear at the hearing whether the government had previously informed Defendant of Piehl's anticipated testimony.

- 4 -

1 the informant's statement have exculpatory value for Defendant.  In that instance, the

2 informant's statement could be used to impeach Piehl, and thus, this Court finds that the

3 statement would be admissible hearsay pursuant to Rule 807, Fed. R. Evid., and should be

4 admitted during examination of the DEA agent.

5

6 **2.      Motion to Sever Counts**

7 Defendant argues that the drug charge (Count 1) should be severed from the firearms

8 charges (Counts 2 & 3:  felon in possession of firearm and drug user in possession of

9 firearm).  The drug charge arises out of the search of the property and discovery of the

10 marijuana in the shed on August 5, 2005.  The firearms charges arise out of Defendant's

11 subsequent arrest on August 29, 2005.

12 The firearm counts require the government to prove that Defendant had a prior

13 conviction.  At the time of his arrest, Defendant had been convicted in Arizona Superior

14 Courts of two drug-related felonies: unlawful possession of drug paraphernalia on December

15 10, 1999, and possession of marijuana weighing more than 8 pounds on October 12, 1993.

16 Defendant had also been convicted of second degree escape on March 29, 2000.  Defendant

17 argues that the jury will improperly consider these prior convictions when deciding whether

18 Defendant should be found guilty on the drug charge.  Defendant contends that, had he only

19 been charged on Count 1, evidence regarding the prior conviction would not be admitted.

20 The government stated in its response to Defendant's Motion to Sever that it intends

21 to introduce evidence of the prior convictions pursuant to Fed. R. Evid. 404(b) on the

22 grounds that the prior convictions are proof of intent, plan and knowledge with respect to

23 Count 1.[3]  It appears that the government had not previously advised Defendant of its intent

24 to admit the prior convictions under Rule 404(b), although Rule 404(b) requires the

25

26

_____

27    [3]The government stated during oral argument that, in order to prove that Defendant
has a prior conviction, it will present evidence that Defendant was convicted of one count of
28 felony drug possession and one count of felony drug paraphernalia possession in state court.

- 5 -

1   prosecution to provide the Defendant with "reasonable notice [of its intent] in advance of

2   trial."

3        Defendant conceded at oral argument that if the prior convictions are admissible

4   pursuant to Rule 404(b), his Motion to Sever is moot because jurors would hear about the

5   prior convictions in relation to the drug charge in Count 1.  Defendant, however, did not

6   concede the admissibility of the priors under Rule 404(b).

7        At oral argument, the government stated that it is willing to stipulate to the prior

8   felonies.  The government also indicated that, as a practical matter, if the counts are severed,

9   it would likely make no difference in the outcome or the sentence faced by the Defendant.

10  In sum, the parties agree that: if the Rule 404(b) evidence is admitted, there is no basis for

11  severance.  If, on the other hand, the Rule 404(b) evidence is not admitted, the counts could

12  be severed and the government does not have a strong objection to severance.[4]

13       Based on the government's newly-announced intention to admit 404(b) evidence in

14  its case-in-chief, this Court concludes that, unless and until Defendant challenges the

15  admissibility of the prior convictions under Rule 404(b) and the Court rules such evidence

16  inadmissible, Defendant has no basis for severance.

17

18

19       [4]The Ninth Circuit noted in *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996)

20  that: "All of the Circuit Courts seem to agree that trying a felon in possession count together
    with other felony charges creates a very dangerous situation because the jury might

21  improperly consider the evidence of a prior conviction when deliberating about the other

22  felony charges, i.e. convict the defendant because he is a 'bad guy' or convict because 'he
    committed a crime before and probably did this one too.'  Although no court has adopted a

23  per se rule about how to handle this situation, each Circuit has taken the position that the trial

24  court should do whatever is possible to minimize the chance of prejudice."  The Ninth Circuit
    suggests that the district court could sever the counts or bifurcate the trial to separate the

25  felon in possession count from the other counts. *Id.* at 815.  In the alternative, the parties can
    stipulate to the prior felony so that the jury does not hear about the prior bad act. *Id.*  The

26  Ninth Circuit cautioned that "it is an uncommon situation where ... cautionary jury

27  instructions alone have been considered a sufficient means of shielding the defendant from
    prejudice." *Id.* at 815-16.

28

1

2                                   **RECOMMENDATIONS**

3          In view of the foregoing, it is recommended that, after its independent review of the

4    record, the District Court:

5          1.      GRANT IN PART Defendant Adams' Motion to Reveal Confidential Informant

6    (Doc. No. 84) and permit the admission of the confidential informant's statement if Piehl

7    testifies that the marijuana discovered on Defendant's property in August, 2005 was not his

8    *and* that he never stored marijuana on Defendant's property, and

9          2.      DENY Defendant Adams' Motion to Sever Counts (Doc. No. 86).  The parties

10   have **ten (10) days** to serve and file written objections to the Report and Recommendation.

11   The parties are advised that any objections should be filed with the following caption:  **CR-**

12   **05-1794-TUC-RCC**.

13          DATED this 10th day of April, 2007.

14

15

16

17                                        Jennifer C. Guerin
                                          United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28